B"H

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CASE No.

Case: 1:19-cv-00701  JURY DEMAND
Assigned To : Unassigned
Assign. Date : 3/11/2019
Description: Pro Se Gen. Civ. (F-DECK)

JAMES PRICE,
15801 S.W. 137th Avenue
Miami, Florida 33177-9800

    Plaintiff,

v.

SARAH LILLY,
in her official capacity,
and her individual capacity,
320 First Street, N.W.
Washington, D.C. 20534

    and

RONALD ROGERS,
in his official capacity,
and his individual capacity,
320 First Street, N.W.
Washington, D.C. 20534

    and

UNKNOWN NAMED EMPLOYEES, AND
OFFICERS OF THE UNITED STATES
DEPARTMENT OF JUSTICE,
in their individual capacities,
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530-0001

    Defendants.
_____/

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**



1

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

ADMINISTRATIVE PROCEDURES ACT — AGENCY ACTION, TITLE 5 U.S.C. § 701 et seq.
FEDERAL INFORMATION POLICY — RECORDS, TITLE 44 U.S.C. § 3501 et seq.
FEDERAL INFORMATION SECURITY — RECORDS, TITLE 44 U.S.C. § 3551 et seq.
FEDERAL QUESTION — DUE PROCESS, TITLE 28 U.S.C. § 1331

**COMES NOW,** James Price ("the Plaintiff"), and files this, his Complaint for Declaratory and Injunction Relief against the Defendants in their official capacity for violations of the statutes, and in their individual capacity for violations of the Plaintiff's constitutional rights. This action respectfully moves this Court for entry of an Order to compel Defendants Sarah Lilly and Ronald Rogers, in their official capacity, to comply with their statutory duty to accept lawful requests for information through all means published by the agency, and in their individual capacity, for compensatory damages, punitive damages, and an injunctive relief from unlawful and coercive acts against the Plaintiff. The Plaintiff requests a jury trial on relevant claims.

[Remainder of page intentionally left blank]

## I.  JURISDICTION AND VENUE

1.   This action arises under Title 5 U.S.C. § 701 et seq. the Administrative Procedures Act ("APA"), Title 44 U.S.C. § 3501 et seq. the Federal Information Policy ("FIP"), Title 44 U.S.C. § 3551 et seq. the Federal Information Security Management Policy ("FISMA"), and Title 28 U.S.C. § 1331 as a <u>Bivens v. Six Unknown Named Agents of the Fed. Bur. of Narcotics</u>, 403 U.S. 388 (1971) claim.  Therein, this Court has original jurisdiction over this case pursuant to Title 5 U.S.C. § 701 et seq., Title 44 U.S.C. § 3501 et seq., Title 44 U.S.C. § 3551 et seq., and Title 28 U.S.C. §§ 1331, § 1346, § 1361, and supplemental jurisdiction under 28 U.S.C. § 1367.

2.   The venue is proper in the District of Columbia pursuant to Title 28 U.S.C. § 1391(a)(2), (a)(3), (e)(1), and (e)(2) where a substantial part of the events giving rise to the claims occurred in, and the Defendants' principal place of business, are in the District of Columbia.

## II.  THE PARTIES

3.   The Plaintiff, James Price, is a fifteen (15) year certified technologist, software developer, and former technology executive.  Mr. Mr. Price operates as a watchdog investigator regarding technology in government, and its role in the formulation and application of public policy to benefit non-profit organizations and inform the general public. In support of his work, Mr. Price uses the Freedom of Information Act

("FOIA") [Title 5 U.S.C. § 552] to obtain, analyze, and disseminate information regarding government agencies' use of technology in public policy. The records, documents, information, and data requested by Price, and that predicated the Defendants' actions, were "records" within the meaning of Title 5 U.S.C. § 552(f)(2). Mr. Price is <u>in the custody</u> of the Defendants.

4. The Defendant Sarah Lilly, is an employee of the Department of Justice in the Government Information Services division. Ms. Lilly is a subordinate of Defendant Ronald Rogers. Defendant Lilly's principal place of business is located at 320 First Street, N.W., Washington, D.C. 20534. Ms. Lilly is sued in her official capacity where she is subject to the APA, FIP, and FISMA. Defendant Lilly is sued in her individual capacity for violations of the Plaintiff's Fifth Amendment right to due process including but not limited to acts of harassment, intimidation, coercion, retribution, and conspiracy to commit such acts.

5. The Defendant Ronald Rogers, is an attorney for the Department of Justice, and functions as Senior Counsel for the Federal Bureau of Prisons ("BOP"). Defendant Rogers is Senior Counsel for the BOP and Defendant Lilly's supervisor. Defendant Rogers' principal place of business is located at 320 First Street, N.W., Washington, D.C. 20534. Mr. Rogers is sued in his official capacity where he is subject to the APA, FIP, and FISMA. Defendant Rogers is sued in his individual capacity for violations of the Plaintiff's Fifth Amendment right to due process including but not limited to acts of harassment, intimidation, coercion, retribution, and conspiracy to commit such acts.

6. The Defendants, Unknown Named Employees and Officers of the Department of Justice ("DOJ"), comprise those persons in the employ of the DOJ, in any agency, sub-agency, bureau, or other organizational unit that were part of the conspiracy with Defendants Lilly and Rogers, who aided and or abetted in the active conspiracy, or aided and or abetted the conspiracy after the fact.

### III. STATEMENT OF FACTS

7. The Plaintiff acted under knowledge and belief that the Department of Justice through its subordinate bureau, the Bureau of Prisons, was actively engaged in a scheme to deprive "a class" of prisoners of their substantive rights. Mr. Price began a watchdog investigation into the statistical records of the DOJ and the operations of its subordinate agencies. As part of his investigation, the Plaintiff engaged the commercial services of a private company that offered specialized and managed FOIA services, to aid him in the submission of targeted requests for information under the statutes [Title 5 U.S.C. § 552]. The agencies were required to collect the records, documents, information, and data pursuant to Title 44 U.S.C. § 3501 et seq. and Title 44 U.S.C. § 3551 et seq.

8. The Plaintiff requested a very limited set of records under the statute, that were designed to elicit incriminating information and statements from the DOJ and its agencies. The request for records, documents, information, and data sought:

> "A copy of all raw data, or report, containing all inmates currently IN custody sorted by: (1) Institution of Confinement; (2) Public Safety Factor; (3) Management Variable; (4) Current Offense of Conviction; (5) Criminal History; (6) Disciplinary History; and (7) Educational History.
>
> The raw data and or report should NOT include Personally Identifiable Information (PII) for individual inmates. The agency's response should include all current and available raw and statistical data in ELECTRONIC FORMAT (.xlsx or .xls)."

9. The Defendants' initial response indicated that despite these records being listed in the DOJ's FOIA Reference Guide for the Bureau of Prisons, as required under the statutes [5 U.S.C. § 552(g), 44 U.S.C. § 3501 et seq., and 44 U.S.C. § 3551 et seq.] and as publicly available data sets, the request was overly burdensome and would not be provided. The Defendants' requested the Plaintiff "reformulate" his request and noted that he was a prisoner confined in the Federal Correctional Institution Miami.

10. The Plaintiff openly disclosed his "in custody" status in his DOJ FOIA Portal account and listed the institution's mailing address as his address of record. In the course of the correspondence between the parties, Mr. Price plainly stated "if you have any questions please contact **my Correctional Counselor** [Carlos De Jesus] at 305-259-2268" (emphasis added).

11. The Defendants then notified the Plaintiff they would no longer accept FOIA requests or other correspondence from him (or on his behalf) via email, and closed his request. Further, the Defendants' openly threatened the Plaintiff that, under the guise of "safety and security", they would forward the matter of his correspondence by an "email address not associated with your TRULINCS account" for "further review".

12. On or about December 28, 2018, as portions of the U.S. Government were preparing to shutdown, the Defendants communicated directly with the Federal Correctional Institution Miami using DOJ/BOP email and or telephones. The Defendants directed: (1) the local institution to place the Plaintiff under investigation for possession/use of an unauthorized electronic device, i.e., a cell phone in prison; and (2) that the Plaintiff should be issued a "high" or "greatest" severity disciplinary incident report that would result in significant hardship on the Plaintiff. The Defendants' allegations were **NOT** based on any evidence or a "reasonable suspicion" of wrongdoing by the Plaintiff. The Defendants' unfounded allegations, directions, and orders were designed solely as a means to harass, intimidate, and coerce the

Plaintiff. The Defendants' intent was to force the Plaintiff to abandon his request for information or to force him into a procedural default.

13. On February 28, 2019, based on the Defendants' orders, the local institution issued a "high" severity disciplinary incident report to the Plaintiff. The Plaintiff, savvy to the Defendants' patterns of misconduct, presented the local institution staff printed copies of his BOP Inmate authorized, TRULINCS (a/k/a/ CorrLincs) emails between himself and the service provider that had been acting on his behalf. Mr. Price requested the disciplinary incident report be dismissed based on the factual evidence that contradicted the false statements and allegations in the report. The Plaintiff was informed that notwithstanding his <u>actual innocence or the lack of any supporting evidence</u>, the institution was "directed" to discipline him by Washington.

14. On March 5, 2019, the Unit Disciplinary Committee ("UDC") reviewed the statements alleged in the incident report, and made <u>an independent determination</u> based on the facts presented by Plaintiff, which included: (1) printed copies of the CorrLincs authorized emails to the service provider; (2) a copy of the company's full-color printed services offering sheet; and (3) a sworn affidavit from the company, that the statements in the alleged incident report were **false**, had been fabricated at the direction of the Defendants, and should be dismissed and expunged from the Plaintiff's records.[1]

---

[1]  The Plaintiff had **NEVER** previously received an incident report or been sanctioned despite nearly seven (7) years in prison.

15. On March 6, 2019, the Plaintiff became aware that despite the UDC's recommendation to dismiss and expunge the falsified incident report, the Defendants had further conspired to have Mr. Price FIRED from his prison job. Mr. Price is assigned as the Lead Safety Compliance Clerk in the institution's Environmental Management, and Safety Compliance Department. The Plaintiff's duties include, inter alia, responsibility for audit and inspection of the life safety equipment that protects the institution's staff and the environmental protection of the physical property and persons. A highly coveted position of trust and responsibility within the prison.

16. The Defendants' unlawful actions were clear, planned, and deliberate acts, executed from a position of authority, with the intent to harass, intimidate, coerce, and retaliate against the Plaintiff for his pursuit of lawful requests for information, and to deny or otherwise interfere with the Plaintiff's access to records under the statutes.

## IV.  THE COUNTS AND OFFENSES

17.  The Plaintiff presents the following Counts for declaratory and injunctive relief under the statutes:

### COUNT 1

**(Administrative Procedures Act, 5 U.S.C. § 701 et seq., for declaratory and injunctive relief)**

18.  The Plaintiff realleges paragraphs 1-16, as if fully stated herein.

19.  The Plaintiff is being harmed by reason of the Defendants' refusal to adhere to its published guidelines, regulations, and the statutes through their refusal to accept the Plaintiff's lawful requests through the Defendants' FOIA channels, i.e., the website and email.

20.  The Plaintiff is being irreparably harmed by reason of the Defendants' imposition of a constraint that he be required to expend **twenty-five (25) times** the cost—per communications exchange—with the Defendants, through the use of certified United States Postal Service ("USPS") mail, as required to trigger the statutory timelines.

21.  The Plaintiff is therefore entitled to a declaratory judgment that Defendants Lilly and Rogers are in violation of their non-discretionary duties under the Freedom of Information Act.

22. The Plaintiff is entitled to preliminary and permanent injunctive relief requiring Defendants Lilly and Rogers to accept and process lawful requests for records, documents, information, and data through any and all channels established and published by the agency under its guidelines, regulations, and the statutes.

23. The Plaintiff is entitled to seek other redress, as permitted under the law.

## COUNT 2

**(Bivens Claims, 28 U.S.C. § 1331, for declaratory and injunctive relief, compensatory and punitive damages)**

24. The Plaintiff realleges paragraphs 1-16, as if fully stated herein.

25. The Plaintiff is being irreparably harmed by reason of the Defendants' individual and collective unlawful actions to harass, intimidate, coerce, and retaliate against the Plaintiff.

26. The Plaintiff is being irreparably harmed by reason of the Defendants' tortious interference with his employment, lost wages, mental anguish, and suffering.

27. The Plaintiff is being irreparably harmed by reason of the Defendants' individual and collective actions that have tortiously damaged his reputation.

28. The Plaintiff has been, and will continue to be, irreparably harmed unless and until the Defendants cease their unlawful individual and collective actions that deprive him of, or unduly interfere with, his constitutional rights.

29. The Plaintiff is therefore entitled to a declaratory judgment that the Defendants' unlawful conduct, actions, and the conspiracy to commit those unlawful acts, have violated the Plaintiff's constitutional rights.

30. The Plaintiff is entitled to preliminary and permanent injunctive relief requiring the Defendants to cease their unlawful harassment, intimidation, coercion, retaliation, and other interference with the Plaintiff.

31. The Plaintiff is entitled to compensatory damages for lost wages, damage to his reputation, mental anguish, and suffering.

32. The Plaintiff is entitled to punitive damages where the Defendants' unlawful conduct, actions, and the conspiracy to commit those unlawful acts, have violated the Plaintiff's constitutional rights.

## V. CONCLUSION

33. In summary, the Defendants sought to avoid their non-discretionary duties under the statutes. When the Plaintiff persisted in the prosecution of his request under the law, the Defendants leveraged their position of authority over the Plaintiff to harass, intimidate, coerce, and ultimately to extract retribution for his refusal to yield to their unlawful actions and gross misconduct.

34. In simple terms, the Defendants' unlawful actions were clear, planned, and deliberate acts, executed from a position of authority, with the intent to harass, intimidate, coerce, and retaliate against the Plaintiff for his pursuit of lawful requests for records, documents, information, data, and to deny or otherwise interfere with the Plaintiff's access to such information under the statutes.

35. The Defendants' actions were designed to conceal the malfeasance—including potential criminal conduct—contained in the records, documents, information, and data that Mr. Price requested. Mr. Price, while incarcerated, worked diligently to support the safety of those holding him captive. Moreover, he used his meager prison earnings to hire a service company to more cost-effectively file and manage his requests of the Defendants. These "good faith" actions by the Plaintiff should not be overlooked by this Court.

36. When the Defendants were faced with legal requests delivered in a format where they were required to respond in a timely fashion

under the statutes, instead of fulfilling their lawful duties, they sought out multiple avenues to harass, intimidate, coerce, and ultimately took retribution against the Plaintiff for his <u>lawful</u> efforts.

**WHEREFORE,** in view of the foregoing, the Plaintiff respectfully requests this Court enter an Order for declaratory judgment against the Defendants, and preliminary and permanent injunctive relief as follows:

a. **DECLARE** the Defendants refusal to accept FOIA requests via email and through the DOJ/BOP FOIA portal in violation of the statutes;

b. **DECLARE** Defendants Lilly and Rogers refusal to perform non-discretionary duties in violation of the APA;

c. **DECLARE** the Defendants acts of intimidation, coercion, and retribution to be in violation of the constitution;

d. **ORDER** the Defendants cease and desist from the unlawful acts set forth herein;

e. **ORDER** the Defendants to pay, jointly and severally, compensatory damages in the amount of **$1**;

f. **ORDER** the Defendants to pay, jointly and severally, punitive damages in the amount of **$1**;

g. **GRANT** the Plaintiff an award of reasonable fees, costs, and expenses as were necessarily incurred in the bringing and prosecution of this action;

i. **GRANT** the Plaintiff such other and further relief as this Court deems fair and equitable.

Respectfully Submitted,

_____
James Price
Plaintiff
USM No. 98922004
Federal Correctional Institution
P.O. Box 779800
Miami, Florida 33177-9800
Tel.: 305-259-2150/2268
Fax: 305-259-2383
Email: PriceJamesE@Outlook.com

B"H

## CERTIFICATE OF SERVICE

Price v. Lilly, et al.

Case No. _____

I, James Price, hereby declare that on this date, March 8, 2019, have served the enclosed:

**CIVIL COVER SHEET**

**COMPLAINT**

**PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYMENT OF FEES OR COSTS**

**PLAINTIFF'S AFFIDAVIT IN SUPPORT OF APPLICATIION TO PROCEED WITHOUT PREPAYING FEES OBSTS PURSUANT TO 28 U.S.C. § 1915**

**SUMMONS, AND USM-285 FORMS**

pursuant to the "Mailbox Rule" for incarcerated persons with the Clerk of Court. All parties noticed for service are served pursuant to D.D.C. LCvR 5.4(b-d).

I hereby declare that under the penalty of perjury, and pursuant to Title 28 U.S.C. § 1746, the foregoing is true and correct.

Executed on March 7, 2019.

By: _____
James Price
USM No. 98922004



C1 of 1