UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES E. PRICE III, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 19-0701 (CRC) |
| SARAH LILLY, *et al.*, | ) |
| Defendants. | ) |

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHOIRTIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

Defendants, by and through undersigned counsel, respectfully move to dismiss the Complaint filed by Plaintiff James E. Price III, an inmate at the Federal Correctional Institution in Miami, Florida ("FCI Miami"). Plaintiff is suing Sarah Lilly, a Government Information Specialist for the Bureau of Prisons ("BOP"), and Ronald Rodgers, former counsel to BOP. *See* Complaint ("Comp.") at 3-4. Plaintiff claims (1) Defendants violated the Administrative Procedures Act ("APA") by refusing to accept Freedom of Information Act ("FOIA") requests and claims (2) they violated his constitutional rights by harassing and interfering with his employment and damaging his reputation when ordering that he be investigated for submitting FOIA requests. *See generally* Comp. Because Plaintiff failed to exhaust administrative remedies and failed to state plausible claims, Defendants respectfully request dismissal.

**STANDARD OF REVIEW**

Defendants move to dismiss Plaintiff's Complaint because he failed to exhaust administrative remedies and failed to state a claim under Federal Rule of Civil Procedure ("Rule") 12(b)(6).

1) **Exhaustion**

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined to any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e (a).  The exhaustion requirement is mandatory and "applies to all prisoners seeking redress for prison circumstances or occurrences," *Porter v. Nussle*, 534 U.S. 516, 520 (2002), and requires that a prisoner comply with procedural rules as a precondition to filing a suit.  *See Chandler v. Fed. Bureau of Prisons*, 249 F. Supp. 3d 267, 270 (D.D.C. 2017) (citation omitted).  Therefore, a prisoner may file a civil action concerning conditions of confinement only after exhausting the prison's administrative remedies.  *See Jackson v. District of Columbia*, 254 F.3d 262, 269 (D.C. Cir. 2001).

2) **Rule 12(b)(6)**

Although a district court is required to deem factual allegations in the complaint as true and consider them in the light most favorable to the non-moving party, *Trudeau v. FTC*, 456 F.3d 178, 193 (D.C. Cir. 2006), to survive a motion to dismiss under Rule 12(b)(6), a plaintiff must supply factual allegations that are sufficiently detailed "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). And to do that, the plaintiff must show his allegations "state a claim to relief that is plausible on its face." *Id.* at 570. In *Ashcroft v. Iqbal*, the Court held this "plausibility" standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." 556 U.S. 662, 678 (2009). Indeed, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

**ARGUMENT**

**1) Plaintiff Failed To Exhaust His Administrative Remedies**

The BOP Administrative Remedy Program is set out in the 28 C.F.R. § 542 and inmates may use such process to seek review of any aspect of confinement. *See* 28 C.F.R. § 542.10(a); Exhibit 1, Patrick Kissell Declaration at ¶¶ 4-5. The first step is an attempt at informal resolution through institution staff and if the issue cannot be resolved, the inmate may present his complaints to the Warden of the facility in which he is confined. *See* 28 C.F.R. §§ 542.14, 542.18. If dissatisfied with the response, the inmate may appeal to the Regional Director within 20 calendar days of the date the Warden signed the response after which the Director has 30 days to respond. *Id.* at §§ 542.15, 542.18. If dissatisfied with the response, the inmate may appeal to the Office of General Counsel ("OGC") within 30 calendar days of the date the Regional Director signed the response after which OGC has 40 calendar days to respond. *Id.* at §§ 542.15, 542.18; *see also Chandler v. Stover*, 211 F. Supp. 3d 289, 300 (D.D.C. 2016) ("The administrative remedy process is not complete until the Office of General Counsel replies, on the merits") (citation omitted).

Here, Plaintiff failed to exhaust the BOP Administrative Remedy Program. *See* Exhibit 1, Patrick Kissell Declaration at ¶¶ 7-9. Thus, his claims should be dismissed. *See, e.g., Morton v. Bolyard*, 810 F. Supp. 2d 112, 118 (D.D.C. 2011) (plaintiff failed to exhaust administrative remedies because he did not grieve his claim through the BOP Administrative Remedy Program).

**2) Plaintiff Failed To State a Claim Upon Which Relief Can Be Granted**

   **a. APA (Count 1)**

Even if Plaintiff had exhausted his administrative remedies, dismissal is still appropriate. "The APA permits judicial review of 'final agency action[s] for which there is no other adequate remedy in a court.'" *Harvey v. Lynch*, 123 F. Supp. 3d 3, 7 (D.D.C. 2015) (citations omitted).

Significantly, however, the APA's judicial review provision "does not provide additional judicial remedies in situations where the Congress has provided special and adequate review procedures." *Bowen v. Massachusetts,* 487 U.S. 879, 903 (1988).

Here, Plaintiff's APA claim is predicated on BOP's failure to comply with its FOIA policy. *See* Comp. at ¶ 19. "The FOIA statute," however, "offers a clear and simple remedy for agency non-compliance … a motion asking the court to compel the agency to act on the FOIA request." *Edmonds Inst. v. U.S. Dep't of Interior,* 383 F. Supp. 2d 105, 111 (D.D.C. 2005). Accordingly, because courts have "uniformly" concluded that they lack jurisdiction over APA claims that seek remedies available under the FOIA, *Feinman v. FBI,* 713 F. Supp. 2d 70, 76 (D.D.C. 2010), Plaintiff's claim should be dismissed.

    b. *Bivens* (Count 2)

        i. There Is No *Bivens* Remedy

The Supreme Court's decision in *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017), renders doubtful the availability of relief for Plaintiff's claims. In *Abbasi*, the Court noted that, when it decided *Bivens*, it regularly implied causes of action not explicit in statutory text; its subsequent decisions, by contrast, have concluded that if a statute does not display an intent to create a private remedy, "a private cause of action will not be created through judicial mandate." *Abbasi*, 137 S. Ct. at 1855-56. This "caution as to implied causes of actions under congressional statutes led to similar caution with respect to actions in the *Bivens* context, where the action is implied to enforce the Constitution itself." *Id*. at 1856. The Supreme Court has implied a constitutional damages remedy only twice since *Bivens* itself – in *Davis v. Passman*, 442 U.S. 228 (1979) (gender discrimination in violation of Fifth Amendment's substantive Due Process Clause), and in *Carlson v. Green*, 446 U.S. 14 (1980) (deliberate indifference to prisoner's medical needs in violation of Eighth Amendment).

After *Abbasi*, it is clear Plaintiff's claim would imply a *Bivens* remedy in a new context. Plaintiff appears to be making a Fifth Amendment due process claim. *See* Comp. at ¶¶ 4-5. Although the Supreme Court recognized a Fifth Amendment *Bivens* claim in *Davis* where it implied a remedy for gender discrimination, 442 U.S. at 228, there is no similar allegation here. Furthermore, in considering whether to extend *Bivens* into a new context where Congress has not provided relief, a court must also determine "whether any alternative, existing process for protecting the interest amounts to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages." *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007). Here, an alternative process exists in the form of administrative remedies. Accordingly, for these reasons alone, Plaintiff fails to state *Bivens* claims.

### ii. Qualified Immunity Applies

Even if the Court finds a *Bivens* remedy is available, the alleged decisions made by Defendants are protected by qualified immunity. Qualified immunity is "immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985); *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). This doctrine shields government officials who, in the performance of their discretionary functions, acted in an objectively reasonable manner in light of the clearly established law at the time of their actions. *Thompson v. Upshur Cnty., Tex.*, 245 F.3d 447, 456 (5th Cir. 2001). Qualified immunity, in sum, protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

The plaintiff in such a claim bears the burden of pleading the defendants acted in violation of a clearly established constitutional right. *Harlow*, 457 U.S. at 818; *Siegert v. Gilley*, 500 U.S. 226, 232 (1991). Thus, when a defendant invokes qualified immunity, as here, the burden rests with the plaintiff to demonstrate the inapplicability of the defense. *See McClendon v. City of*

*Columbia*, 305 F.3d 314, 323 (5th Cir. 2002). The Supreme Court in *Saucier v. Katz*, 533 U.S. 194 (2001), set out a two-part qualified immunity analysis to be used when officers are alleged to have violated constitutional rights. The first element is a determination of whether "the facts alleged show the officer's conduct violated a constitutional right." *Id.* at 201. The second element is a determination of "whether the right was clearly established" or "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id*.

Here, Plaintiff makes conclusory statements and offers no allegations demonstrating any actions or omissions of Defendants were objectively unreasonable under clearly established law, particularly where BOP regulations supported the action taken with respect to the FOIA requests. Indeed, "[a] party requesting agency records under the FOIA must comply with the procedures set forth in the regulations promulgated by th[e] agency" from which the documents are requested. *Tereshchuk v. Bureau of Prisons*, 851 F. Supp. 2d 157, 161 (D.D.C. 2012); *Calhoun v. Dep't of Justice*, 693 F. Supp. 2d 89, 91 (D.D.C. 2010) ("Where a FOIA request is not made in accordance with the [agency's] published regulations, the FOIA claim is subject to dismissal for failure to exhaust administrative remedies"); *Hidalgo v. FBI*, 344 F.3d 1256, 1259 (D.C. Cir. 2003); *Pollack v. Dep't of Justice*, 49 F.3d 115, 119-20 (4th Cir. 1995). BOP's published regulations require FOIA requests to "be made in writing and addressed to the Director, Federal Bureau of Prisons" and further provide that "[t]he requester shall clearly mark on the face of the letter and the envelope 'FREEDOM OF INFORMATION REQUEST,' and shall clearly describe the records sought." *See* 28 C.F.R. § 513.60. Because Plaintiff did not follow this regulation, Defendants thus properly denied his request. *See* Comp. at ¶¶ 11, 19. Plaintiff thus cannot show that Defendants had violated the Fifth Amendment, much less, that that they were objectively unreasonable under clearly established law.

Accordingly, because Plaintiff failed to plead allegations plausibly showing a violation of a clearly established constitutional right, the BOP defendants are entitled to qualified immunity.

6

*See Mitchell*, 472 U.S. at 528 (as long as there is a "legitimate question" about the constitutionality of a particular conduct, "it cannot be said that . . . such conduct violates clearly established law").[1]

## CONCLUSION

Based on the foregoing, Defendants request that the Court dismiss Plaintiff's Complaint.

Dated: August 16, 2019

Respectfully submitted,

JESSIE K. LIU, D.C. Bar #472845
United States Attorney

DANIEL F. VAN HORN, D.C. Bar #924092

Chief, Civil Division

By: */s/ Matthew Kahn*
MATTHEW KAHN
Assistant United States Attorney
555 Fourth St., N.W. - Civil Division
Washington, D.C. 20530
Phone: (202) 252-6718

---

[1] As a final point, on top of failing to state *Bivens* claims, there is no record of proper service. "Insufficient service of process on a defendant 'warrant[s] the court's dismissing [the plaintiff's claims] without prejudice' under Federal Rule of Civil Procedure 12(b)(5)." *Marine Wholesale & Warehouse Co. v. United States*, Civ. A. No. 17-1300 (BAH), 2018 WL 2223663, at *7 (D.D.C. May 15, 2018). To effect service, Rule 4 generally requires that a copy of the summons and complaint be delivered to the defendant personally or be left "at his dwelling house or usual place of abode with some person of suitable age and discretion" who resides there. Fed. R. Civ. P. 4(i)(3) and (e)(2). Service on the Attorney General of the United States and the United States Attorney for the district in which the action is brought suits "does not obviate the requirement of personal service ... where the action is in substance against a federal official in his individual capacity." *Lawrence v. Acree*, 79 F.R.D. 669, 670 (D.D.C. 1978). And it is well-established that, in an action against a federal employee in an individual capacity, the individually-sued defendant must be served with process in accordance with rules applicable to individual defendants. *See* Fed. R. Civ. P. 4(i)(3); *Simpkins v. District of Columbia,* 108 F.3d 366, 369 (D.C. Cir. 1997). As there is no record of proper service, there is no jurisdiction over Defendants. *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.,* 484 U.S. 97, 104 (1987) ("Before a ... court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied").