# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES PRICE,<br><br>        *Pro se* Plaintiff,<br><br>        v.<br><br>SARAH LILLY, *et al.*,<br><br>        Defendants. | Case No. 19-cv-701 (CRC) |

## MEMORANDUM OPINION

Plaintiff James Price is currently serving a 156-month sentence for child pornography offenses at the Federal Correctional Institution in Miami, Florida ("FCI Miami"). Mr. Price claims that two members of the Bureau of Prison ("BOP") legal staff directed officers at FCI Miami to bring false disciplinary charges against him after he filed an expansive Freedom of Information Act request with the Bureau through a third party. Price, proceeding *pro se* and *informa pauperis*, brings suit under the Administrative Procedure Act and the federal Constitution. Finding no plausible basis for relief in either the complaint or the proposed amended complaint, the Court will grant the Government's motion to dismiss and deny Price's motion to amend the complaint.

## I. Background

The Court draws the following factual background from the proposed amended complaint, taking as true all well-pleaded factual allegations. See Warren v. District of Columbia, 353 F.3d 36, 39 (D.C. Cir. 2004). On December 7, 2018, a third-party service provider emailed a Freedom of Information Act ("FOIA") request to the Bureau of Prisons on Mr. Price's behalf. Prop. Am. Compl. ¶ 8. The request sought "all raw data" for every inmate currently in BOP custody. Id. ¶ 9. The information requested included each prisoner's "(1)

Institution of Confinement; (2) Public Safety Factor; (3) Management Variable; (4) Current Offense of Conviction; (5) Criminal History; (6) Disciplinary History; and (7) Educational History." Id.

BOP's FOIA office responded that the request was "overly burdensome" and needed to be "reformulate[d]." Id. ¶ 10. BOP also referred the request for an internal investigation because it came from a third party, rather than directly from Price's CorrLincs prison email account. Id. ¶¶ 10, 12. Subsequently, BOP informed Price that it would no longer accept any FOIA requests or correspondence from him by email and closed his FOIA request. Id. ¶ 12.

In February 2019, FCI Miami staff—allegedly at Defendants' direction—opened an investigation into Price for unauthorized possession of a cell phone. Id. ¶ 13. A prison investigator interviewed Price, and in the process, according to Price, inadvertently showed him a copy of a memorandum indicating that the investigation had been directed by BOP. Id. ¶ 14. The investigator later informed BOP that, based on his observations, Price had properly communicated with the third-party provider through authorized prison communications systems. Id. ¶ 15.

An FCI Miami officer then issued an incident report to Price lodging a separate charge of misusing the prison mail and circumventing mail monitoring procedures. Id. ¶ 17. Price attempted to show the officer his authorized CorrLincs emails to the third-party service provider, to which the officer purportedly responded that his hands were tied because "this came from 'DC.'" Id. In March 2019, a prison disciplinary committee determined that Price was not guilty of the charged offense, which was affirmed by a hearing officer. Id. ¶¶ 18–19. Defendants then allegedly directed that Price be terminated from his prison job; however, FCI Miami apparently refused to comply. Id. ¶ 20.

2

Price alleges that the internal investigation into his FOIA request and the FCI Miami disciplinary proceedings were part of a BOP conspiracy, directed from Washington, to harass and intimidate him for pursuing a lawful FOIA request. Id. ¶¶ 21, 25, 60–63. He names as defendants BOP Senior Counsel Ronald Rogers and BOP FOIA officer Sarah Lilly.[1] Id. ¶¶ 4–5. Price brings an Administrative Procedure Act ("APA") claim alleging that Defendants unlawfully failed to accommodate his FOIA request. Price also brings a bevy of constitutional claims, including a Fifth Amendment due process claim—and, in his papers, an Eighth Amendment claim—under Bivens as well as civil rights conspiracy claims under 42 U.S.C. §§ 1985(3) and 1986, in connection with the Defendants' alleged scheme to bring false disciplinary charges against him and to interfere with his employment. The Government moves to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

## II. Legal Standards

In order to survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In deciding such a motion, the Court is limited to considering the facts alleged in the complaint, any documents attached to or incorporated in the complaint, matters of which a court may take

---

[1] Plaintiff also names "Unknown Named Employees and Officers of the Department of Justice" as Defendants, which "comprise those persons in the employ of the DOJ, in any agency, sub-agency, bureau, or other organizational unit that were part of the conspiracy with Defendants Lilly and Rogers, who aided and or abetted in the active conspiracy, or aided and or abetted the conspiracy after the fact." Id. ¶ 6. The Local Rules of this Court state that a plaintiff "filing *pro se in forma pauperis* must provide in the [Complaint's] caption the name and full residence address or official address of each party." LCvR 5.1(c)(1). Failure to provide the information may result in the dismissal of the case against the unspecified defendants. See id. Therefore, all unnamed defendants are hereby dismissed from this matter.

3

judicial notice, and matters of public record.  See Kaempe v. Myers, 367 F.3d 958, 965 (D.C. Cir. 2004); EEOC v. St. Francis Xavier Parochial Sch., 117 F. 3d 621, 624–25 (D.C. Cir. 1997).

Price has also filed a motion for leave to amend his complaint.  Under Federal Rule of Civil Procedure 15(a)(2), leave to amend "should be freely given in the absence of undue delay, bad faith, undue prejudice to the opposing party, repeated failures to cure deficiencies, or futility."  Richardson v. United States, 193 F.3d 545, 548–49 (D.C. Cir. 1999).  An amended complaint would be futile if "the proposed claim would not survive a motion to dismiss [under Rule 12(b)(6)]."  James Madison Ltd. by Hecht v. Ludwig, 82 F.3d 1085, 1099 (D.C. Cir. 1996).

### III. Analysis

#### A. APA Claim

Price's APA claim challenges Defendants' refusal to accept FOIA requests through its website or email as contrary to BOP policy.  Prop. Am. Compl. ¶¶ 27–32; Pl. Opp. ¶¶ 27–28.  APA review is precluded, however, where Congress has otherwise provided a "special and adequate review procedure[]" for a plaintiff's claims.  Bowen v. Massachusetts, 487 U.S. 879, 903 (1988); see 5 U.S.C. § 704 (providing judicial review of final agency action only where "there is no other adequate remedy in a court").  FOIA provides for *de novo* district court review of an agency's withholding of records, see 5 U.S.C. § 552(a)(4)(B), which the D.C. Circuit has held to be sufficient to preclude APA review, see Garcia v. Vilsack, 563 F.3d 519, 522–23 (D.C. Cir. 2009).  Courts have thus uniformly declined to review APA claims that seek remedies made available by FOIA.  See, e.g., Feinman v. F.B.I., 713 F. Supp. 2d 70, 76 (D.D.C. 2010) (collecting cases).

Price argues that he may nonetheless seek APA review because his challenge is not to "the Defendants' actual FOIA response," but to their "underlying actions [ ] in refusing to accept

4

FOIA requests in electronic format from the Plaintiff." Pl Opp. ¶ 28; Pl. Reply ¶ 38.  Price is mistaken, however, because FOIA's review provision encompasses such a claim.  FOIA requires agencies to promptly respond to "any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and *procedures to be followed*."  5 U.S.C. § 552(a)(3)(A) (emphasis added).  Framed slightly differently, Price's claim is essentially that the agency failed to respond to a FOIA request that complied with the necessary procedures.  See, e.g., Feinman, 713 F. Supp. 2d at 76–77 (rejecting a distinction between a challenge to an agency's noncompliance with procedural policies and substantive determinations).  Price may seek relief for the agency's lack of response under FOIA's review provision.  See Payne Enterprises, Inc. v. United States, 837 F.2d 486, 494 (D.C. Cir. 1988) ("The FOIA imposes no limits on courts' equitable powers in enforcing its terms.").  Review of Price's APA claim thus precluded, the Court will dismiss that claim.

    B.  Constitutional Claims

Price also brings constitutional claims under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), 42 U.S.C. § 1985(3), and 42 U.S.C. § 1986 based on what he contends was an overarching BOP conspiracy to subject him to harassing investigations, unfounded disciplinary proceedings, and attempted interference with his prison employment and general reputation.  See Prop. Am. Compl. ¶¶ 1, 4–5, 33–59.

      1.  *Exhaustion*

The Government argues that Price did not properly exhaust administrative remedies for his constitutional claims.  Under the Prison Litigation Reform Act ("PLRA"), "'[p]risoners' claims supporting Bivens actions . . . must first be exhausted administratively' before such individuals may file suit in federal court."  Dial v. Kane, 315 F. Supp. 3d 556, 560 (D.D.C. 2018)

5

(quoting Davis v. Mukasey, 669 F. Supp. 2d 45, 49 (D.D.C. 2009)) (alterations in original); see 42 U.S.C. § 1997e(a) (providing that "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"). The Government asserts—and Price does not contest—that the constitutional claims at issue here were not raised through the mandatory four-tiered administrative review process set forth in 28 C.F.R. §§ 542.10–.19. See Def. Mot. to Dismiss 3, Exh. 2 ¶¶ 8-9 ("Kissell Decl.").

Price posits that he nonetheless satisfied the exhaustion requirement because he prevailed in the underlying disciplinary proceedings concerning the unauthorized use of cell phone and mail charges against him. Pl. Opp. ¶¶ 17-22. But, those proceedings addressed only whether Price was guilty of the underlying disciplinary charges brought against him; they did not address Price's separate claim that Defendants violated his constitutional rights by directing FCI Miami staff to bring those charges against him. That latter claim, the claim that Price brings in this Court, has not been administratively exhausted.

Price argues, in the alternative, that he could not have obtained relief for his claims through the prison's administrative scheme because the Defendants are BOP staff members in Washington, D.C., not local prison employees. To be sure, "a prisoner must exhaust only 'such administrative remedies as are available,' that is, those prison grievance procedures that provide 'the possibility of some relief for the action complained of.'" Kaemmerling v. Lappin, 553 F.3d 669, 675 (D.C. Cir. 2008) (quoting 42 U.S.C. § 1997e(a); Booth v. Churner, 532 U.S. 731, 738 (2001)) (citations omitted). But, Price's claim is essentially one "seeking redress for prison circumstances or occurrences," *i.e.*, false disciplinary charges and attempted interference with his prison job. Porter v. Nussle, 534 U.S. 516, 532 (2002) ("hold[ing] that the PLRA's exhaustion

6

requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong"); see also 28 C.F.R. § 542.10 ("allow[ing] an inmate to seek formal review of an issue relating to *any* aspect of his/her own confinement" (emphasis added)); Kissell Decl. ¶ 4. The fact that BOP headquarters staff are named as participants in those occurrences does not obviate the exhaustion requirement. See, e.g., Dial, 315 F. Supp. 3d at 560 (holding that Bivens claims against the Acting Director and other high-level BOP officials had to be administratively exhausted); Banks v. Lappin, 601 F. Supp. 2d 281, 284–85 (D.D.C. 2009) (applying exhaustion requirement to Bivens claim against BOP Director). Price thus failed to properly exhaust his constitutional claims.

2. Bivens Claims

In any event, even assuming that the exhaustion requirement did not apply, Price fails to identify any implied cause of action under the Constitution that would support his Bivens claim.[2] To the extent that Price's constitutional claim is based on the Fifth Amendment due process clause, see, e.g., Prop. Am. Compl. ¶¶ 4–5, 38, "the alleged events giving rise to the complaint, *i.e.*, plaintiff's receipt of an incident report [and] the ensuing disciplinary proceeding . . . belie a constitutional claim based on the Fifth Amendment's due process clause since for each incident plaintiff admittedly received notice and a meaningful opportunity to be heard." Staples v. United States, 948 F. Supp. 2d 1, 2 (D.D.C. 2013) (holding that federal prisoner's claims that he endured

---

[2] The parties focus on whether Price's Bivens claim presents a "new context" under Ziglar v. Abbasi, 137 S. Ct. 1843 (2017). The Court need not engage in a Ziglar analysis, however, because the proposed amended complaint does not state a claim for relief "that is plausible on its face." Iqbal, 556 U.S., at 678 (quoting Twombly, 550 U.S. at 570).

multiple unfounded disciplinary proceedings which eventually resulted in expungement did not form basis for Fifth Amendment due process claim).

Moreover, even if the procedures were somehow flawed, Price fails to identify any protected liberty interest that has been denied. See Sandin v. Conner, 515 U.S. 472, 477 (1995). As a federal prisoner, Price "must either allege that Defendants' actions increased [his] period of confinement or that additional restrictions were placed upon [him] that imposed an 'atypical and significant hardship on [him] in relation to the ordinary incidents of prison life.'" Garcia v. District of Columbia, 56 F. Supp. 2d 1, 8 (D.D.C. 1998) (quoting Sandin, 515 U.S. at 477) (dismissing Fifth Amendment claims for alleged fraudulent prison disciplinary reports where plaintiff failed to establish that any specific liberty interest that had been denied). Here, there is no allegation that the disciplinary charges resulted in any confinement or sanctions or that Price lost his prison job. Nor is there any explanation as to how the proposed charges, if successful, would have imposed an "atypical and significant hardship" on Price. Id.

To the extent that Price bases his Bivens claim on the Eighth Amendment,[3] there is also no plausible basis for relief. Price contends that the Defendants deliberately sought to subject him to disciplinary segregation for up to 180 days, loss of his good conduct time, and suspension of his phone and email privileges for up to 180 days. Pl. Opp. ¶ 16. According to Price, "the application of any punishment on a person known to be innocent [ ] is by definition cruel and unusual." Id. Not so. "[T]he Eighth Amendment's proscription against cruel and unusual

---

[3] The proposed amended complaint vaguely alleges that Defendants "violated the Plaintiff's constitutional rights," but only explicitly invokes his "Fifth Amendment right to due process." Prop. Am. Compl. ¶¶ 45, 38. In his papers, however, Price also invokes the Eighth Amendment. See, e.g., Pl. Opp. ¶¶ 12, 40; Pl. Reply ¶ 26. The Court will thus also address Plaintiff's Eighth Amendment claim.

8

punishment . . . is reserved for circumstances where prison officials are alleged to have acted with 'deliberate indifference to a [known] substantial risk of serious harm to an inmate . . . .'" Staples, 948 F. Supp. 2d at 2 (quoting Farmer v. Brennan, 511 U.S. 825, 828–29 (1994)) (second and third alterations in original). Price's allegations do not meet that high bar.

In addition, while Price broadly alleges that BOP communicated by email and conspired to perpetuate problems for him at FCI Miami, it is unclear what personal involvement or participation Lilly and Rogers, "through [their] own individual actions," had in the alleged conspiracy. Iqbal, 556 U.S. at 676; see, e.g., Dial, 315 F. Supp. 3d at 559 (dismissing Bivens claim where Plaintiff failed to explain "how such high-level officials contributed to or knew about the conduct described in his Complaint"); Zakiya v. United States, 267 F. Supp. 2d 47, 56–57 (D.D.C. 2003) (dismissing Bivens claims against agency officers in the absence of specific allegations of personal involvement). Failure to state a claim is thus an additional ground for dismissing Price's Bivens claims.[4]

    3. *Civil Rights Conspiracy Claims*

In his proposed amended complaint, Price also raises claims under 42 U.S.C. §§ 1985(3) and 1986 based on the same alleged BOP conspiracy. Id. ¶¶ 42–59. Section 1985(3) "prohibits conspiracies to interfere with the civil rights of individuals or classes of individuals." Hoai v. Vo, 935 F.2d 308, 314 (D.C. Cir. 1991). However, the statute "does not apply to *all* conspiratorial tortious interferences with the rights of others, but only those motivated by some

---

[4] To the extent that Price seeks injunctive relief for his constitutional claims, he is equally unsuccessful; he may only seek monetary damages from a defendant sued in his or her personal capacity. See Davis v. Passman, 442 U.S. 228, 245 (1979) ("[F]or Bivens, it is damages or nothing." (citation and internal quotation marks omitted)); Simpkins v. District of Columbia, 108 F.3d 366, 369 (D.C. Cir. 1997) (same).

class-based, invidiously discriminatory animus." Martin v. Malhoyt, 830 F.2d 237, 258 (D.C. Cir. 1987) (internal quotation marks and citations omitted) (emphasis in original).

Price vaguely alleges that Defendants were "actively engaged in a scheme to deprive 'a class' of prisoners of their substantive rights." Prop. Am. Compl. ¶ 7. But, he fails to identify any recognized protected class or to allege that he is a member of such a class. To the contrary, Price's entire theory is that the Defendants had a *personal* vendetta against him for filing the FOIA request. That belies any notion that Defendants were motivated by "some class-based, invidiously discriminatory animus." Martin, 830 F.2d at 258. Price thus fails to state a claim under § 1985(3).

Section 1986 punishes the negligent failure to prevent a § 1985 conspiracy. 42 U.S.C. § 1986. Because a § 1986 claim is derivative of a § 1985 claim, the Court must also dismiss Price's § 1986 claim for failure to state a claim. See, e.g., Wilson v. U.S. Dep't of Transp., 759 F. Supp. 2d 55, 62–63 (D.D.C. 2011); Herbin v. Hoeffel, No. 99–7244, 2000 WL 621304, at *1 (D.C. Cir. Apr. 6, 2000) (per curiam).

## IV. Conclusion

For the foregoing reasons, the Court will grant the Government's motion to dismiss Plaintiff's Complaint and deny Plaintiff's motion to amend his complaint as futile. This case is dismissed. A separate order accompanies this memorandum opinion.

Date: March 5, 2020

CHRISTOPHER R. COOPER
United States District Judge

10